UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. WILSON,                    )
                                      )
                Plaintiff             )
        v.                            )        Cause No. 3:22-CV-41 RLM-MGG
                                      )
STENGER & STENGER, PC,                )
                                      )
                Defendants            )

<u>OPINION AND ORDER</u>

Michael Wilson filed a complaint against Stenger & Stenger, PC, and a motion to proceed in forma pauperis. Mr. Wilson doesn't state a claim upon which relief can be granted, so the court denies his motion to proceed in forma pauperis and dismisses the complaint.

When a complaint fails to state a claim for relief that is "plausible on its face," it must be dismissed. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6). The same standard applies to both 28 U.S.C. § 1915(e)(2)(B) (pro se complaints) and Fed. R. Civ. P. 12(b)(6). <u>Luevano v. Wal-Mart Stores, Inc.</u>, 722 F.3d 1014, 1027 (7th Cir. 2013). The court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in Mr. Wilson's favor. <u>See</u> <u>Hecker v. Deere & Co.</u>, 556 F.3d 575, 580 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Adams v. City of Indianapolis</u>, 742 F.3d 720, 728 (7th Cir. 2014). The court interprets Mr.

Wilson's complaint liberally because he's proceeding without the benefit of counsel, see Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012).

Mr. Wilson has sued Stenger & Stenger, a law firm representing a party that has a judgment against Mr. Wilson in state court. According to Mr. Wilson, Stenger & Stenger filed a minute entry in state court saying that Mr. Wilson didn't appear for a December 10, 2021, hearing even though the court, on Stenger & Stenger's motion, had already vacated the hearing. He claims Stenger & Stenger's minute entry amounts to perjury. He further claims that Stenger & Stenger ran a military background check on Mr. Wilson without his consent. Attached to the complaint is an affidavit of non-military service filed in state court by a Stenger & Stenger attorney and a Servicemembers Civil Relief Act status report indicating that Mr. Wilson wasn't on active duty in the military. Mr. Wilson seeks compensation for invasion of privacy and slander as well as punitive damages and for the state case to be dismissed with prejudice.

Mr. Wilson's perjury claim must be dismissed. Perjury is a crime and not a tort, so Mr. Wilson can't sue Stenger & Stenger for perjury; if anyone were to pursue a perjury charge it would be a prosecutor. See Ind. Code § 35-44.1-2-2.

Mr. Wilson also claims that Stenger & Stenger committed slander by telling the state court that Mr. Wilson didn't show up to a hearing. Parties to litigation have absolute immunity for statements made in the court of a judicial proceeding. Chrysler Motor Corp. v. Graham, 631 N.E.2d 7, 9 (Ind. Ct. App. 1994); Restatement (Second) of Torts § 587 (Am. Law Inst. 1977). The only

communications Mr. Wilson alleges as defamatory were made in litigation, so Stenger & Stenger is immune to any defamation or slander claim.

Finally, Mr. Wilson alleges invasion of privacy. Mr. Wilson says "[t]here are laws that prohibits [sic] anyone from conducting a background check on a person for official or professional reasons without consent." Mr. Wilson's allegations and exhibits make clear that Stenger & Stenger's search was with the Department of Defense's Defense Manpower Data Center pursuant to the Servicemembers Civil Relief Act. 50 U.S.C. § 501 *et seq.* When a defendant doesn't make an appearance in a civil proceeding, the Servicemembers Civil Relief Act requires the plaintiff to submit an affidavit verifying whether the defendant is in military service. Id. § 3931. Mr. Wilson's facts amount to Stenger & Stenger complying with the Servicemembers Civil Relief Act and doesn't state a claim for invasion of privacy. His allegations regarding background checks don't state a claim under any other law, so the invasion of privacy claim must be dismissed.

A court should only dismiss a pro se plaintiff's first complaint without leave to amend if it's certain from the face of the complaint that any amendment would be futile or otherwise unwarranted. Tate v. SCR Med. Transp., 809 F.3d 343, 346 (7th Cir. 2015). Mr. Wilson couldn't overcome the problems with his complaint by amending the complaint, so his complaint must be dismissed without leave to amend.

Accordingly, the motion for leave to proceed in forma pauperis [Doc. No. 2] is DENIED and Mr. Wilson's complaint [Doc. No. 1] is DISMISSED.

SO ORDERED.

3

ENTERED:   January 19, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court